Walter W. Howitt, Esq. Village Attorney, East Aurora
We acknowledge receipt of your letter requesting our opinion as to the continuing validity of local laws of your village which created non-elective village offices and provided that the offices be filled by appointment by the board of trustees. The local laws were adopted prior to the effective date of the present Village Law. The Village Law in effect at the time the local laws were passed provided, as do your local laws, that non-elective village officers be appointed by the board of trustees whereas the present Village Law, § 4-400, subd. 1, par. c, provides that non-elective village officers be appointed by the mayor subject to approval of the board of trustees.
We enclose herewith copies of the following informal opinions of this office which discuss this same general subject matter; 1971 Op. Atty. Gen. 108, 1974 Op. Atty. Gen. 253, 1977 Op. Atty. Gen. 88.
Village Law §§ 23-2200 and 23-2202 provide as follows:
"§ 23-2200 Savings clause
 "The repeal of the village law, chapter sixty-four of the laws of nineteen hundred nine and amendments thereto, shall not affect or impair the validity or operation of any local law, ordinance or resolution adopted pursuant to such law. For the purposes of actions or proceedings which may or have been taken or rights which may or have been granted or obtained thereunder, such law and such local laws, ordinances or resolutions shall continue in force and effect as fully and to the same extent as if such law had not been so repealed."
"§ 23-2202 Exceptions
 "This chapter shall not be deemed to repeal or otherwise affect the provisions of any special or local law or ordinance of any county, city or village charter, or other special form of government, it being the intention of the legislature that the same shall continue in full force and effect until and unless otherwise duly amended, repealed or affected."
Because of the quoted statutory provisions your village local laws giving the board of trustees the power to appoint certain non-elective officers remain in effect and are not superseded by the new Village Law. A change in the provisions can be accomplished by local law but such a local law is subject to a mandatory referendum under Municipal Home Rule Law, § 23, subd. 2, par. f, because such a change would abolish, transfer or curtail a power of the members of the board of trustees of the village.
You quote from East Aurora Local Law No. 1 for the year 1970, § 3-2. The local law created the appointive office of village administrator and, by § 3-2, provides that appointment to that office shall be made by the board of trustees based upon the recommendation of the mayor and that the appointee shall serve at the pleasure of the board of trustees. You inquire whether appointment by the board of trustees based upon the recommendation of the mayor is so similar to appointment by the mayor subject to the approval of the board of trustees that the village should consider the present Village Law to govern selection of this officer. Initial reaction might be that there is no real difference in the purpose or effect of those varying provisions, any difference being only in semantics. However, this is not the case. One major difference does exist; in the absence of a statutory provision to the contrary, appointive officers are removable by the appointing authority; the provision of your local law making the board of trustees the appointing authority is in accord with this concept because it also makes the board of trustees the removing authority; on the other hand, under the present Village Law the appointing authority, and hence the removing authority, is the village mayor. Because of this very substantial difference, it is our opinion that the appointment of your village administrator by the board of trustees based upon recommendation of the mayor is not tantamount to appointment of that officer by the mayor subject to the approval of the board of trustees.